### WASH BLUITT *v.* THE STATE.

1. BURGLARY — EVIDENCE.— In a trial for burglary the inculpation of the accused depended on circumstantial evidence, and partly upon identifying as his a peculiar track upon the ground. To make this proof the State was allowed, over objection by the defense, to elicit from a witness the statement that certain shoes of the accused

would have made such a track as the owner of the premises had described to the witness as the track of the burglar. *Held*, that this testimony was not only hearsay, but was the mere opinion of the witness. It would have been competent for the witness to describe the shoes, but it was the province of the jury to determine whether they could have made the track.

2. IMPEACHING TESTIMONY.— After an impeaching witness has stated that he knows the general reputation for truth of the assailed witness, and that it is bad, he may be asked whether from that reputation the assailed witness is worthy of belief. This is not tantamount to the objectionable inquiry whether the impeaching witness would himself believe the assailed witness.

APPEAL from the District Court of Limestone. Tried below before the Hon. L. D. BRADLEY.

The indictment charged that the appellant, on April 11, 1881, burglariously broke and entered the dwelling house of Crocket Phillips, with intent to steal, and that he stole therefrom two sides of bacon. The jury found appellant guilty, and assessed his punishment at two years in the penitentiary.

The opinion of the court discloses such facts as are involved in the rulings.

*W. E. Doyle*, and *Burrow & Frisbie*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J. Wash Bluitt was convicted of burglary. The evidence was purely circumstantial. The State relied (among other facts) upon certain tracks found in the yard of the prosecutor, near the house from which the bacon had been burglariously taken. Among the tracks was one which made a peculiar impression on the ground, and if the State could show that the shoe of defendant made such impression, this fact would have been criminative.

To make this proof the State, over the objections of defendant, proved by one Henry McDonald that he, McDonald, received from defendant a pair of shoes, giving a

description of them; and he then went on to state that "the shoes (meaning those received from defendant) would have made such a track as Crocket Phillips described to me as having been made in his yard."

This evidence was not only hearsay, but was simply the opinion of the witness. We are not informed of the description given by the prosecutor to this witness. The description not being given, the jury had no means by which to test the correctness of the witness's conclusion touching the similarity between the track and shoes. But this is not a matter about which the opinion of the witness can be taken. The witness could have described the shoes, and have left it to the jury to compare them and the tracks, and draw their own conclusions.

Crocket Phillips was an important witness for the prosecution. To impeach him, defendant proved by J. O. Harper and Frank Bell that they were acquainted with the reputation of Phillips for truth and veracity, and that it was bad. Defendant then asked each of said witnesses the following question: "From that reputation is he worthy of belief?" An objection by the State was sustained by the court, and the defendant excepted. ·

The defendant had the right to ask this question. The witnesses were not asked if *they* would believe him, or if he was worthy of belief, but if "*from that reputation* is he worthy of belief?" This subject was discussed at length in *Holbert* v. *State*, 9 Texas Ct. App. 219, and in that case the question as formed was held correct. See also *Boon* v. *Weathered*, 23 Texas, 675; *Johnson* v. *Brown*, 51 Texas, 65; and *Marshall* v. *State*, 5 Texas Ct. App. 273.

For the errors above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*